UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SOMERS, CDCR #BY-0903,<br><br>                                 Plaintiff,<br><br>vs.<br><br>LOCAL SAN DIEGO COUNTY JAIL, DR. VELTMEYER, DR. ABBOT, SERGEANT AMADO and NURSE BADGE #911,<br><br>                                 Defendants. | Case No.:  24-CV-2304 JLS (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff Christopher Somers, a state prisoner housed at Valley State Prison in Chowchilla, California, is proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983 claiming he was subjected to unconstitutional conditions of confinement at the San Diego Central Jail.  ECF No. 1 ("Compl.") at 1–5.  Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP").  ECF No. 2.

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55,

1  although the administrative fee does not apply to persons granted leave to proceed IFP.
2  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee
3  Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to
4  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.
5  § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  A prisoner
6  seeking leave to proceed IFP must submit a "certified copy of the trust fund account
7  statement (or institutional equivalent) for . . . the 6-month period immediately preceding
8  the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113,
9  1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an
10 initial payment of 20% of (a) the average monthly deposits in the account for the past six
11 months, or (b) the average monthly balance in the account for the past six months,
12 whichever is greater, unless the prisoner has insufficient assets.  *See* 28 U.S.C.
13 § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed IFP
14 must pay any remaining balance in "increments" or "installments," regardless of whether
15 their action is ultimately dismissed.  28 U.S.C. § 1915(b)(1) & (2); *Bruce*, 577 U.S. at 84.
16      In support of his IFP Motion, Plaintiff has submitted a copy of his California
17 Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and
18 Prison Certificate attested to by a CDCR trust account official.  ECF No. 3 at 1.  The
19 document shows he had an average monthly balance of $200.08 and average monthly
20 deposits of $233.41, with an available balance of $0.00.  *Id*. at 1, 4.
21      The Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses
22 the initial partial filing fee of $46.68.  *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir.
23 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of
24 a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available
25 to him when payment is ordered").  However, this initial fee need be collected only if
26 sufficient funds are available in Plaintiff's account at the time this Order is executed.  *See*
27 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from
28 bringing a civil action or appealing a civil action or criminal judgment for the reason that

the prisoner has no assets and no means by which to pay the initial partial filing fee"). Pursuant to 28 U.S.C. § 1915(b)(2), the agency having custody must forward payments to the Clerk until the $350 statutory fee is paid in full.

**SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**I.    Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing 28 U.S.C. § 1915A(b)(1)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotations omitted). "To establish § 1983 liability, a plaintiff must show both

(1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## II. Allegations in the Complaint

The allegations in the Complaint are lacking in detail and consist mostly of legal citations interspersed with incomplete and conclusory allegations. Plaintiff alleges that on June 2, 2024, while at the San Diego County Jail, Defendant Dr. Veltmeyer, accompanied by Sergeant Ben, "came to see me at (8:00 am) to discuss what happened to me." Compl. at 3. "They both told me it was a misunderstanding they had no idea how I was moved or who okay[ed] it." *Id*. Plaintiff states that the jail received his medical records on June 8, 2024, but "due to Dr. Veltmeyer meeting he as[ked] me to get my sister (Domingo Somers) to drop off my medical records. This went on for months saying they never received my medical records . . . which stopped them from treating me and suffering from pain and suffering being incarcerated in downtown San Diego Jail." *Id*.

Plaintiff states he is hearing- and mobility-impaired within the meaning of the Americans with Disabilities Act ("ADA"), and due to the failure of the jail to procure his medical records he "was sleeping on the floor in the holding tank, no showers, no beds, no sink, no toilet, no medical attention or anyone of authority to 'summon' medical negligence." *Id*. at 4. Plaintiff witnessed a death at the jail which made him fear for his life. *Id*. He claims the San Diego County Sheriff and the "head doctor in charge" were aware of the conditions at the jail through Plaintiff's grievances and had the authority to change them but conspired to fail to do so. *Id*. at 5. He includes conclusory allegations that Defendants Dr. Abbot, Nurse Badge #911, and Sergeant Amado are responsible for his placement in a non-ADA compliant cell and the failure to provide unidentified medical care. *Id*. at 2. There are no allegations against Defendant Local San Diego County Jail, the only other named Defendant. Plaintiff attaches over 200 pages of exhibits to the Complaint which include grievances, medical requests and medical records. *See* ECF Nos. 1-2, 1-3, 1-4, 1-5. Plaintiff is not permitted to rely on these exhibits as a substitute

for factual allegations. *See Arnold v. Hearst Mag. Media, Inc.*, No. 19-cv-1969-WQH-MDD, 2020 WL 3469367, at *8 (S.D. Cal. June 24, 2020) ("Exhibits attached to a complaint are not a substitute for factual allegations.")

Plaintiff claims Defendants violated his rights to due process, to adequate medical care, and to be free from cruel and unusual punishment under the ADA and the Eighth and Fourteenth Amendments. Compl. at 2–5. He seeks attorney's fees, injunctive relief under the ADA, and compensatory and punitive damages. *Id.* at 7.

## III. Analysis

### A. Conditions of Confinement

Because it is unclear whether Plaintiff was a pretrial detainee at the time of the events, the Court will construe his cruel and unusual punishment conditions of confinement claims as arising under the Due Process Clause of the Fifth Amendment rather than under the Eighth or Fourteenth Amendments. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be "cruel and unusual" under the Eighth Amendment."); *see also City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) ("[D]ue process rights" of an unconvicted person "are at least as great as the Eighth Amendment protections available to a convicted prisoner."). To state a claim for unconstitutional conditions of confinement, a pre-trial detainee must plausibly allege: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Plaintiff alleges he was placed in a holding cell "with no showers, no beds, no sink, no toilet, no medical attention or anyone of authority to 'summon' medical negligence."

Compl. at 4. There are no allegations regarding who Plaintiff claims is responsible for placing him in the cell, nor any allegations regarding how long Plaintiff was in the holding cell. To the extent the stay was brief, temporary deprivations do not state a claim. *See Anderson v. County of Kern*, 45 F.3d 1310, 1312–13 (9th Cir. 1995) (holding that short-term or temporary deprivations of basic needs such as food, clothing, shelter, and sanitation do not plausibly allege a constitutional violation); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.") (internal quotations and citation omitted).

The allegation that the San Diego County Sheriff and the doctor in charge at the jail could have, but conspired not to, address the conditions in the holding cell, also fails to state a constitutional claim. "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quotations omitted). There are no allegations the Sheriff or the doctor in charge knew Plaintiff was deprived of a shower, bed, sink or toilet for a period of time sufficient to constitute a constitutional violation *and* failed to prevent that violation. To the extent Plaintiff brings a claim arising from an alleged disregard of his inmate grievances, he has also failed to state a claim. "The Supreme Court has held that . . . to obtain a protectable right an individual must have a legitimate claim of entitlement to it, [but] there is no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (citations and quotations omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

Accordingly, the conditions of confinement claims in the Complaint are dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112.

### B.     *Medical Care*

Plaintiff claims he received inadequate medical care amounting to deliberate indifference and negligence arising from Defendants' failure to summon medical care. Compl. at 2–4.  The allegations regarding negligent medical care do not state a claim because "an inadvertent failure to provide medical care," allegations that "a physician has been negligent in diagnosing or treating a medical condition," and "medical malpractice" do not state federal a claim. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  Although Plaintiff also alleges deliberate indifference to his medical needs, the allegations regarding denial of medical attention in the Complaint are entirely conclusory and lacking any factual allegations as to what medical needs were not met. *See Iqbal,* 556 U.S. at 678 (finding a complaint subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," as the "mere possibility of misconduct" falls short of the plausibility standard).

With respect to Defendant Local San Diego County Jail, Plaintiff cannot state a § 1983 claim against that entity because it is not a "person" within the meaning of § 1983. *See Tsao*, 698 F.3d at 1138 ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."); *Johnson v. County of San Diego*, 3:18-cv-1846-LAB-RBB, 2018 WL 5630503, at *3 (S.D. Cal. Oct. 30, 2018) ("Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983.").

The Court will liberally construe the Complaint as attempting to state a claim against the County of San Diego. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that when a plaintiff appears pro se, the court must construe the pleadings liberally and afford plaintiff any benefit of the doubt with respect to what claims are raised); *Ferdik v. Bonzelet*,

963 F.2d 1258, 1261 (9th Cir. 1992) (noting that the rule of liberal construction is "particularly important" in civil rights cases). In order to state a claim against the County of San Diego, Plaintiff must allege that: (1) he was deprived of a constitutional right, (2) the County has a policy, custom or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom or practice was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). In addition to having failed to satisfy any of those pleading standards, Plaintiff has also failed to plausibly allege a constitutional violation for the reasons set forth above, and the Complaint therefore does not state a claim against the County of San Diego. *Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (finding a complaint with conclusory allegations of a violative municipal policy fails to state a claim).

Accordingly, the deliberate indifference to medical needs claim is dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112.

**C.  ADA**

The Complaint also alleges Plaintiff was placed in a non-ADA compliant holding cell. Compl. at 2–4. To state a claim under the ADA, a prisoner must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise

>discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of (his) disability.'

*O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007).

The Complaint fails to state an ADA claim because, in addition to the entirely conclusory nature of the allegations, it fails to plausibly allege any action by any Defendant was taken by reason of Plaintiff's disability. *Id*.; *Iqbal,* 556 U.S. at 678 (holding the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting the plausibility standard).

In addition, Plaintiff may not pursue an ADA claim against the individual Defendants in their individual capacities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [their] individual capacity to vindicate rights created by Title II of the ADA."); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (holding that the "ADA applies only to public entities"). Although a public entity such as the County of San Diego can be liable under the ADA for the vicarious acts of its employees, Plaintiff must still prove intentional discrimination. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138, 1141 (9th Cir. 2001). The public entity's actions "must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id*. at 1139 (noting that intentional discrimination under the ADA is similar to the deliberate indifference standard requiring knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood). As noted, the Complaint is entirely conclusory regarding why Plaintiff contends any Defendant acted because of a disability. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.).

Plaintiff's ADA claim is dismissed *sua sponte* for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Wilhelm*, 680 F.3d at 1121; *Watison*, 668 F.3d at 1112.

### D.     Leave to Amend

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible claim for relief and is therefore subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). *See Lopez*, 203 F.3d at 1126–27; *Rhodes*, 621 F.3d at 1004. Because Plaintiff is proceeding pro se, the Court will grant him an opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotations omitted)).

## IIII.   Conclusion and Order

For the reasons stated above, the Court:

(1)     **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

(2)     **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

(3)     **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

(4)     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint which cures all the deficiencies of pleading noted. Plaintiff's amended complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in an amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the

original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: January 21, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge